1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

GLOBAL TECHNICAL SEARCH, INC.
d.b.a. GLOBAL SEARCH, a California
Corporation,

                                    Plaintiff,

        vs.

LELAND JACOBSEN, an individual,

                                    Defendant.

CASE NO. 08-CV-00424 BEN (BLM)

**ORDER:**

**(1) GRANTING PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER; AND**

**(2) SETTING HEARING DATE ON PLAINTIFF'S MOTION FOR PERMANENT INJUNCTION**

**[Doc. # 3]**

## I. INTRODUCTION

        Plaintiff Global Technical Search, Inc., d.b.a. Global Search ("Plaintiff" or "Global"),

alleges that Defendant Leland Jacobsen ("Defendant" or "Jacobsen"), Global's former employee,

misappropriated certain confidential and proprietary information from Global's computer.  Plaintiff

filed an application for a temporary restraining order ("TRO") and a date for a motion for a

preliminary injunction.

        On March 21, 2008, this Court conducted a hearing.  Timothy S. Noon, Esq., appeared for

Plaintiff.  Defendant appeared *pro se.*  For the reasons below, the application for a TRO is granted.

The Court also sets a hearing date for a motion for a permanent injunction for **April 3, 2008,** at **4**

**p.m.**

08cv00424

## II. BACKGROUND

### A.    Events Leading up to Application for TRO

Global is a recruiting firm that specializes in recruiting and placing personnel and executives for environmental, engineering and corporate employers nationwide.  Global has invested substantial time and funds in developing a database for its business.  (Declaration of Michael Burnett in Sup. of Pl.'s App. for Temp. Restr. Order ("Burnett Decl.") ¶ 3).  The data collected and maintained by Global includes the identities of employer clients and their personnel needs, identities of candidates, fee agreements, pricing, and other sensitive and confidential information.  (Burnett Decl. ¶ 4).

Jacobsen was employed by Global from May 8, 2006 to January 2, 2008, as an Independent National Associate.  (Burnett Decl. ¶ 11).  When Jacobsen was hired, he entered into a written employment agreement with Global regarding the use of any information pertaining to Plaintiff's placement business.  (Burnett Decl. ¶ 12, Ex. 1).  In the course of his duties, Jacobsen routinely accessed Global's computers and the database.

In November and December 2007, Jacobsen informed another employee, Linda Rutherford, that he was planning to start his own recruitment search firm.  (Declaration of Linda Rutherford in Sup. of Pl.'s App. for Temp. Restr. Order ("Rutherford Decl.") ¶ 3).  In late December 2007, Jacobsen informed Rutherford that he had a phone line installed at his home, was going to download Global's database, and was not returning to work at Global.  (Rutherford Decl. ¶ 4).  On January 2, 2008, Jacobsen came to work early and stayed beyond his normal work hours.  (Burnett Decl. ¶ 15; Rutherford Decl. ¶ 7).  Jacobsen did not return to work after January 2, 2008.  On January 3, 2008, Rutherford informed her supervisor about Jacobsen's stated plans to download Global's database and start his own recruitment firm.  (Rutherford Decl. ¶ 8).

Also on January 3, 2008, Rutherford's supervisor arranged for a examination of Jacobsen's office computer by a forensic computer consultant.  (Declaration of Mark McKinley in Sup. of Pl.'s App. for Temp. Restr. Order ("McKinley Decl.") ¶ 4).  The consultant determined that there were two insertions of a USB memory stick in the computer in the late afternoon on January 2, 2008.  (McKinley Decl. ¶ 4).  In the wastebasket by Jacobsen's desk there was packaging for a four

1   gigabyte memory stick.

2       Jacobsen has recently contacted several of Global's employer clients and offered his

3   services in personnel recruitment and placement.  (Rutherford Decl. ¶ 22).

4       Global has never given Jacobsen its consent or authorization to download any part of the

5   database for his own use.  Global filed this action on March 6, 2008, alleging violations of the

6   Computer Fraud and Abuse Act, California Penal Code § 502(c)(2), unfair business practices,

7   breach of contract, and conversion.  The Complaint seeks damages and injunctive relief.

8       The present TRO application seeks an order enjoining Jacobsen from using any

9   confidential or proprietary information obtained from Global, directing Jacobsen to turn over to

10  Global or a third party all of the electronic storage media in his possession, and directing Jacobsen

11  to provide an accounting of the whereabouts of all the information removed from Global's

12  computers.

13          **B.    Hearing on March 21, 2008**

14      At the hearing, Jacobsen submitted a declaration in response to the application for a TRO.

15  (Decl. of Leland Jacobsen in Resp. to App. for Temp. Restr. Order ("Jacobsen Decl.")).  The

16  declaration states that on March 20, 2008, Jacobsen deleted any and all information that he

17  downloaded from his work computer on January 2, 2008; that the only copy of this information

18  was on his computer and he has not made any other copies, either in the electronic or paper form;

19  that he had not shared this information with any other person or entity; and that he consents to

20  having a representative of Global access Jacobsen's personal computer to confirm that such

21  information has been deleted and cannot be restored.  (Jacobsen Decl. at 1-2).  Jacobsen also

22  requested that this case be dismissed "without further prejudice."  (Jacobsen Decl. at 2).[1]

23      Plaintiff's counsel confirmed at the hearing that Jacobsen's declaration provides all the

24  relief sought by Plaintiff in the application for a TRO.

25                  **III. DISCUSSION**

26  **A.    Application for TRO**

27      Defendant has stipulated to all the relief sought by Plaintiff.  Plaintiff's application for a

28

---

[1]Defendant captioned the declaration as a "Declaration and a Motion for Dismissal of Action."

1    TRO is granted.  Defendant has certified in writing to this Court that he has deleted any and all

2    information downloaded from Defendant's computer, that this information has not been shared

3    with anyone else, and that no other copies exist.  This certification satisfies a large part of the relief

4    requested in the application.

5    With respect to the remaining part of the relief sought, IT IS HEREBY ORDERED that on

6    or before **April 3, 2008,** a mutually acceptable representative of Global will examine Jacobsen's

7    computer to confirm that all the information downloaded from Global's computer has been deleted

8    and cannot be restored.[2]

9    Plaintiff is not required to post a bond.  Ordinarily, a court "may issue a preliminary

10   injunction or a temporary restraining order only if the movant gives security in an amount that the

11   court considers proper to pay the costs and damages sustained by any party found to have been

12   wrongfully enjoined or restrained."  Fed.R.Civ.P. 65(c).  Here, however, Defendant has agreed to

13   provide Plaintiff with the relief sought.  Defendant thus conceded that the issued restraint will not

14   be wrongful.  Therefore Defendant is not likely to sustain costs or damages.  Further, at the hearing

15   Defendant indicated that he does not wish to be liable for Plaintiff's costs of the posting of a bond

16   in the event Plaintiff fully prevails and seeks reimbursement.  Accordingly, no bond will be posted

17   for the TRO.

18   **B.    MOTION FOR AN INJUNCTION**

19   Plaintiff also requested that the Court set a hearing date for Plaintiff's motion for a

20   preliminary injunction.  At this point, it appears that Defendant is amenable to providing Plaintiff

21   with all the relief sought in this action.  Accordingly, after conferring with the parties and in the

22   interests of judicial economy, the Court sets a hearing for a motion for a permanent injunction for

23   **April 3, 2008,** at **4 p.m.**  On or before **April 2, 2008,** the parties shall e-mail a stipulated proposed

24   ///

25   ///

26

27   ───────────────

28   [2]Defendant also made a motion to dismiss the case.  The declaration does not provide Plaintiff with all of the relief sought in this action.  For example, Jacobsen's computer still has to be examined, and the Court has to conduct a hearing regarding permanent injunctive relief.  Therefore the motion to dismiss is denied.

1    order entering a permanent injunction directly to the chambers.

2        **IT IS SO ORDERED.**

3

4    DATED:  March 21, 2008

5    _____

6    Hon. Roger T. Benitez
     United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

08cv00424