

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL TECHNICAL SEARCH, INC. dba GLOBAL SEARCH, a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>LELAND JACOBSEN, an individual; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 3:08-CV-00424-BEN-BLM<br><br>**STIPULATION AND ORDER RE: PERMANENT INJUNCTION** |

## I. INTRODUCTION

Plaintiff Global Technical Search, Inc., d.b.a. Global Search ("Plaintiff" or "Global"), alleges that Defendant Leland Jacobsen ("Defendant" or "Jacobsen"), Global's former employee, misappropriated certain confidential and proprietary information from Global's computer. Plaintiff filed an application for a temporary restraining order ("TRO") and a date for a motion for a preliminary injunction.

On March 21, 2008, this Court conducted a hearing. Timothy S. Noon, Esq., appeared for Plaintiff. Defendant appeared *pro se*. For the reasons below, the application for a TRO is granted. The Court also set a hearing date for a motion for a permanent injunction for **April 3, 2008, at 10:00 a.m.** This Stipulation and Order is submitted to incorporate the Court's previous

///

1

ruling on the TRO, a permanent injunction and agreed-upon terms that resolve this entire action set forth below.

## II. BACKGROUND

### A. Events Leading up to Application for TRO

Global is a recruiting firm that specializes in recruiting and placing personnel and executives for environmental, engineering and corporate employers nationwide. Global has invested substantial time and funds in developing a database for its business. (Declaration of Michael Burnett in Sup. of Pl.'s App. for Temp. Restr. Order ("Burnett Decl.") ¶ 3). The data collected and maintained by Global includes the identities of employer clients and their personnel needs, identities of candidates, fee agreements, pricing, and other sensitive and confidential information. (Burnett Decl. ¶ 4).

Jacobsen was employed by Global from May 8, 2006 to January 2, 2008, as an Independent National Associate. (Burnett Decl. ¶ 11). When Jacobsen was hired, he entered into a written employment agreement with Global regarding the use of any information pertaining to Plaintiff's placement business. (Burnett Decl. ¶ 12, Ex. 1). In the course of his duties, Jacobsen routinely accessed Global's computers and the database.

In November and December 2007, Jacobsen informed another employee, Linda Rutherford, that he was planning to start his own recruitment search firm. (Declaration of Linda Rutherford in Sup. of Pl.'s App. for Temp. Restr. Order ("Rutherford Decl.") ¶ 3). In late December 2007, Jacobsen informed Rutherford that he had a phone line installed at his home, was going to download Global's database, and was not returning to work at Global. (Rutherford Decl. ¶ 4). On January 2, 2008, Jacobsen came to work early and stayed beyond his normal work hours. (Burnett Decl. ¶ 15; Rutherford Decl. ¶ 7). Jacobsen did not return to work after January 2, 2008. On January 3, 2008, Rutherford informed her supervisor about Jacobsen's stated plans to download Global's database and start his own recruitment firm. (Rutherford Decl. ¶ 8).

Also on January 3, 2008, Rutherford's supervisor arranged for a examination of Jacobsen's office computer by a forensic computer consultant. (Declaration of Mark McKinley in Sup. of Pl.'s App. for Temp. Restr. Order ("McKinley Decl.") ¶ 4). The consultant determined

2
PROPOSED ORDER RE: TRO AND MOTION FOR PRELIMINARY INJUNCTION

that there were two insertions of a USB memory stick in the computer in the late afternoon on January 2, 2008. (McKinley Decl. ¶ 4). In the wastebasket by Jacobsen's desk there was packaging for a four gigabyte memory stick.

Jacobsen has recently contacted several of Global's employer clients and offered his services in personnel recruitment and placement. (Rutherford Decl. ¶ 22).

Global has never given Jacobsen its consent or authorization to download any part of the database for his own use. Global filed this action on March 6, 2008, alleging violations of the Computer Fraud and Abuse Act, California Penal Code § 502(c)(2), unfair business practices, breach of contract, and conversion. The Complaint seeks damages and injunctive relief.

The present TRO application seeks an order enjoining Jacobsen from using any confidential or proprietary information obtained from Global, directing Jacobsen to turn over to Global or a third party all of the electronic storage media in his possession, and directing Jacobsen to provide an accounting of the whereabouts of all the information removed from Global's computers.

**B.     Hearing on March 21, 2008**

At the hearing, Jacobsen submitted a declaration in response to the application for a TRO. (Decl. of Leland Jacobsen in Resp. to App. for Temp. Restr. Order ("Jacobsen Decl.")). The declaration states that on March 20, 2008, Jacobsen deleted any and all information that he downloaded from his work computer on January 2, 2008; that the only copy of this information was on his computer and he has not made any other copies, either in the electronic or paper form; that he had not shared this information with any other person or entity; and that he consents to having a representative of Global access Jacobsen's personal computer to confirm that such information has been deleted and cannot be restored. (Jacobsen Decl. at 1-2). Jacobsen also requested that this case be dismissed "without further prejudice." (Jacobsen Decl. at 2.).[1]

Plaintiff's counsel confirmed at the hearing that Jacobsen's declaration provides all the relief sought by Plaintiff in the application for a TRO. However, Plaintiff's counsel requested

---

[1]     Defendant captioned the declaration as a "Declaration and a Motion for Dismissal of Action."

further relief in the request for preliminary injunction, which is addressed below in the stipulated permanent injunction.

### III. DISCUSSION

#### A.  Application for TRO

Defendant stipulated to all the relief sought by Plaintiff. Plaintiff's application for a TRO was granted. Defendant certified in writing to this Court that he has deleted any and all information downloaded from Defendant's computer, that this information has not been shared with anyone else, and that no other copies exist. This certification satisfies a large part of the relief requested in the application.

With respect to the remaining part of the relief sought, the Court ordered that on or before **April 3, 2008,** a mutually acceptable representative of Global to examine Jacobsen's computer to confirm that all the information downloaded from Global's computer has been deleted and cannot be restored.[2]

Plaintiff was not required to post a bond. Ordinarily, a court "may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed.R.Civ.P. 65(c). Here, however, Defendant agreed to provide Plaintiff with the relief sought. Defendant thus conceded that the issued restraint will not be wrongful. Therefore Defendant is not likely to sustain costs or damages. Further, at the hearing Defendant indicated that he does not wish to be liable for Plaintiff's costs of the posting of a bond in the event Plaintiff fully prevails and seeks reimbursement. Accordingly, no bond was be posted for the TRO.

#### B.  Motion for an Injunction

Plaintiff also requested that the Court set a hearing date for Plaintiff's motion for a preliminary injunction. At that point, it appeared that the Defendant is amenable to providing

---

[2] Defendant also made a motion to dismiss the case. The declaration does not provide Plaintiff with all of the relief sought in this action. For example, Jacobsen's computer still has to be examined, and the Court has to conduct a hearing regarding permanent injunctive relief. Therefore the motion to dismiss is denied.

Plaintiff with all the relief sought in this action. Accordingly, after conferring with the parties and in the interests of judicial economy, the Court set a hearing for motion for a permanent injunction for **April 3, 2008,** at **10:00 a.m.** As ordered, the parties e-mailed a stipulated proposed order entering a permanent injunction directly to the chambers.

### IV. PERMANENT INJUNCTION AND RESOLUTION OF REMAINING CLAIMS

Because the information downloaded from Global's computers by Jacobsen was in an electronic format that can be quickly and easily disseminated to a large number of entities, perfectly copied, uploaded onto other computers, and forwarded to other individuals who can further utilize and disseminate the information, Jacobsen preserved all discs, memory sticks and electronic storage devices in his possession, custody and control to which he had access, and Jacobsen made available to a third-party investigator representative of Global all electronic storage media in his possession, custody or control, including but not limited to, discs, memory sticks and hard drives accessible to Jacobsen on which Global's information may reside and Global was permitted to image and analyze said media and devices to recover Global's confidential and proprietary information. On March 26, 2008, Global had a forensic computer expert perform the inspection of Jacobsen's hard drive and memory stick to confirm that no copies of the confidential information of Global had been retained. The parties have also conferred on mutually acceptable terms, and reached the following stipulated resolution of this matter.

IT IS HEREBY STIPULATED by and between Plaintiff Global Search and Defendant Jacobsen, whose signatures appear below, that the Plaintiff's Application for a Permanent Injunction may be granted and resolution of this matter ordered on the following terms:

(1) That Jacobsen by signing this Stipulation, declares under penalty of perjury, that the original and all copies all files, data, and information removed from Global's computers has been deleted and was not copied, retained or forwarded to any other location or third party, and that no originals or copies of any of Global's confidential information are in his possession or forwarded to any other location or third party, and further confirms that no business transactions

///

were closed with this information with Global's employer clients, and that no placements were made of employee candidates.

(2) That Jacobsen, his officers, agents, servants, employees, and attorneys and all parties in active concert or participation with him are permanently enjoined from using or disclosing any confidential or proprietary information that Jacobsen obtained from Global;

(3) That in consideration and in exchange for agreement not to compete with Global and releases contained in the next two paragraphs, Global agrees to dismiss without prejudice its claims in its Complaint filed March 2, 2008 alleging violations of the Computer Fraud and Abuse Act, California Penal Code § 502(c)(2), unfair business practices, breach of contract, and conversion and accompanying damages claims;

(4) That in consideration and exchange for the foregoing dismissal of claims and damages, Jacobsen is permanently enjoined from using confidential Global information in soliciting Global's employer contacts or employee candidates contained in its January 2, 2008 Act! database;

(5) That in consideration and exchange for the foregoing dismissal of claims and damages, Jacobsen agrees not to directly or indirectly engage in the course of personnel placement services business, communicate with or provide services to any employer client or candidate performed by Global in the geographic region West of the Mississippi River, with the exception of the State of Texas, for a period of one year from the date of this Order. In Texas, Jacobsen has contacted one employee candidate in the Houston, Texas area. Jacobsen is allowed to contact employers regarding this particular employee candidate and will refrain from any further contact with all other employee candidates and all employers regarding any other employee candidates in that state for a period of one year from the date of this Order. Jacobsen further represents and warrants that the identity or other information regarding the Houston, Texas candidate was not obtained from Global's database or any of Global's other confidential material or information;

(6) That in consideration and exchange for the foregoing dismissal of claims and damages, Jacobsen agrees to release and discharge Global, and all related affiliates, directors, officers, employees, agents, attorneys, stockholders, successors and/or assigns, from any and all loss, liability, claims, demands, causes of action, or suits of any type, whether in law and/or in equity, known or unknown,

related directly or indirectly or in any way connected with any transaction, affairs or occurrences between them to date, including, but not limited to, Jacobsen's employment with Global and the termination of his employment. This release shall include but not be limited to a release of claims arising under any state or federal statute or common law regulating or affecting employment, including Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Equal Pay Act, the Fair Labor Standards Act, the California Labor Code, the California Fair Employment and Housing Act, and any other statutory or common law provision relating to or affecting Jacobsen's employment. This provision is intended to constitute a general release of all of Jacobsen's presently existing claims against Global, to the maximum extent permitted by law. Jacobsen has filed a bonus/commission complaint with the California Department of Industrial Relations, Division of Labor Standards Enforcement, and agrees to request that agency to withdraw or dismiss the matter with prejudice and agrees to waive and remit any money recovery from any such proceeding. Jacobsen has also filed an unemployment claim with the California Employment Development Department and agrees to withdraw or dismiss this claim and agrees to waive and remit any money recovery received as a result of said claim. Jacobsen represents no other complaint, claim or action against Global with any court or administrative agency.

      Jacobsen understands and agrees that this release extends to all claims of every nature, known or unknown, suspected or unsuspected, past, or present, and that any and all rights granted to Employee under Section 1542 of the California Civil Code or any analogous federal law or regulation are hereby expressly waived. Said Section 1542 of the California Civil Code reads as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

/ / /

/ / /

/ / /

/ / /

/ / /

(7)   The parties are to bear their own attorneys' fees and costs incurred in this matter. However, should enforcement of a breach of the foregoing terms be necessary, the prevailing party in such an action shall be entitled to its reasonable attorneys' fees and costs.

**IT IS SO STIPULATED:**

Dated: 4-3-08

_____
GLOBAL TECHNICAL SEARCH, INC.

Dated: _____

_____
LELAND JACOBSEN

**IT IS SO ORDERED:**

Dated: 4/02/08

_____
Hon. Roger T. Benitez
United States District Judge

(7) The parties are to bear their own attorneys' fees and costs incurred in this matter. However, should enforcement of a breach of the foregoing terms be necessary, the prevailing party in such an action shall be entitled to its reasonable attorneys' fees and costs.

**IT IS SO STIPULATED:**

Dated: _____

GLOBAL TECHNICAL SEARCH, INC.

Dated: *April 3, 2008*

_/s/ Leland Jacobsen_
LELAND JACOBSEN

**IT IS SO ORDERED:**

Dated: _____

_____
Hon. Roger T. Benitez
United States District Judge

(7) The parties are to bear their own attorneys' fees and costs incurred in this matter. However, should enforcement of a breach of the foregoing terms be necessary, the prevailing party in such an action shall be entitled to its reasonable attorneys' fees and costs.

**IT IS SO STIPULATED:**

Dated: _____            _____
                                 GLOBAL TECHNICAL SEARCH, INC.

Dated: _____            _____
                                 LELAND JACOBSEN

**IT IS SO ORDERED:**

Dated: _____            _____
                                 Hon. Roger T. Benitez
                                 United States District Judge